UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSSELL KELLY** <br> Plaintiff, <br><br> Vs. <br><br> **FIRST NBC BANK** <br> Defendant | CIVIL ACTION <br><br> NO. 2:18-cv-11738 <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JOSEPH C. WILKINSON |

**MEMORANDUM OF LAW IN SUPPORT OF FEDERAL DEPOSIT INSURANCE CORPORATION'S MOTION TO STAY ACTION <u>PENDING EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>**

COMES NOW, the Federal Deposit Insurance Corporation, as Receiver for First NBC Bank, New Orleans, LA (the "FDIC-R"), and files this memorandum of law in support of its motion to stay this action for 180 days or, in the alternative, 90 days, pending the exhaustion of administrative remedies, for the following:

**BACKGROUND**

1. On or about August 14, 2014, Plaintiff, Russell Kelly, filed a "Petition for Damages, Predatory Lending and Racial Discrimination" against First NBC Bank (hereinafter referred to as "FNBC") in the Civil District Court for the Parish of Orleans, State of Louisiana, styled as *Russell Kelly versus First NBC Bank*," Civil Action No. 2014-2014, Division C, (hereinafter referred to as the "State Court Action.") (*see* Exhibit A attached hereto).

2. The Petition sought recovery and damages for, amongst other things, alleged torts and misrepresentations committed against Russell Kelly by FNBC.

3. On September 3, 2014, the parties filed a Joint Motion to Dismiss, and the matter was dismissed with prejudice on September 4, 2014. (*see* Exhibit B attached hereto).

1

4. By Order dated April 28, 2017, FNBC was closed, its liquidation was ordered commenced, and FDIC-R was confirmed as Receiver of FNBC. (*see* Exhibit C attached hereto)[1]

5. Pursuant to the Order, FDIC-R as Receiver is vested with title to all assets of FNBC without execution of any instruments of conveyance, assignments, transfer, or endorsement, and is vested with the full and exclusive management and control of FNBC.

6. Despite the fact that the matter was dismissed with prejudice, on October 26, 2018, Russell Kelly filed a "Motion to Enforce Settlement" (*see* Exhibit D attached hereto), and on November 9, 2018, Russell Kelly filed an "Amended Motion to Enforce Settlement Agreement, Change of Possession of Property Restraining Order and Transfer of Deed" (*see* Exhibit E attached hereto), wherein he sought a Temporary Restraining Order against FNBC and a non-party.

7. Notwithstanding the fact that FNBC no longer existed and the FDIC-R was not served with the aforementioned motions, on November 29, 2018, FDIC-R filed its Notice of Removal of the State Court Action to this Court pursuant to 12 U.S.C. §1819(b)(2)(B) and 28 U.S.C. §1441. (*see* Rec. Doc. 1)

8. The FDIC-R hereby requests entry of an order staying this action as to all parties for 180 days to allow sufficient time for the FDIC-R to conduct, and for all parties with potential claims against the FNBC to comply with, the FDIC's claim administration and review process. Alternatively, FDIC-R requests the entry of an order staying this action as to all parties for 90 days as required upon request pursuant to 12 U.S.C. § 1821(d)(12)(B).

---

[1] See also https://www.fdic.gov/bank/individual/failed/firstnbc.html

# ARGUMENT

**I.   PLAINTIFF'S CLAIMS MUST BE ADDRESSED BY THE ADMINISTRATIVE REVIEW PROCESS BEFORE THEY CAN BE ADJUDICATED BY THE COURTS.**

Plaintiff seeks judicial relief from this Court relative to his alleged claims. However, Congress has established a mandatory administrative process that must be completed prior to any adjudication of Plaintiff's claims in this lawsuit. As a result thereof, this court lacks subject matter jurisdiction to proceed with this litigation until the administrative process is exhausted.

**(A)   Plaintiff is required to participate in the administrative procedure set up by Congress**.

When the FDIC-R was appointed receiver, by operation of law, it succeeded to all rights, titles, powers and privileges of FNBC. *See* 12 U.S.C. § 1821(d)(2)(A)(i); *see also FDIC v. Maxxam, Inc.*, 523 F.3d 566 (5th Cir. 2008). Congress set forth the rights and duties that govern the receivership of a failed institution in the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA" or the "Act"). The Act establishes a claim administration and review procedure by which all claims asserted against the assets of the failed institution must be submitted to the FDIC-R for a determination of whether they will be allowed or disallowed in the FDIC's discretion. 12 U.S.C. § 1821(d)(3)-(5). That claims process has been deemed mandatory by the 5th Circuit:

> We note initially that FIRREA makes participation in the administrative claim review process mandatory, regardless of whether the claims were filed before or after the RTC was appointed receiver of the failed institution. *Bueford v. Resolution Trust Corp.,* 991 F.2d 481, 485 (8th Cir.1993); *Marquis v. FDIC,* 965 F.2d 1148, 1151 (1st Cir.1992); *Resolution Trust Corp. v. Mustang Partners,* 946 F.2d 103, 106 (10th Cir.1991); *see Meliezer v. Resolution Trust Co.,* 952 F.2d 879, 882 (5th Cir.1992) (holding that FIRREA establishes a statutory exhaustion requirement). *Carney v. RTC*, 19 F.3d 950, 955 (5th Cir. 1994)

The litigation cannot proceed until the administrative claim is exhausted.

> Congress enacted FIRREA to create an efficient method for processing claims against failed banks. *Meliezer v. Resolution Trust Co.,* 952 F.2d 879, 881 (5th Cir.1992). It appears clear to us that allowing a claimant simultaneously to pursue administrative and judicial remedies would thwart Congress' purpose in enacting FIRREA. We conclude, as other courts have done, that FIRREA creates a "scheme under which courts will retain jurisdiction over pending lawsuits— suspending, rather than dismissing, the suits—subject to a stay of proceedings as may be appropriate to permit exhaustion of the administrative review process as it pertains to the underlying claims." *Marquis,* 965 F.2d at 1154; *see also Guidry,* 790 F.Supp. at 654–55; *In re FDIC,* 762 F.Supp. 1002, 1004 (D.Mass.1991). Id. At 955-956.

The Act provides that creditors have ninety (90) days after publication of notice. 12 U.S.C. § 1821(d)(3)(B)(i). The claims bar date for FNBC is August 2, 2017.[2] Once the claim is presented, the FDIC has 180 days within which to consider the claim and notify the claimant whether it has been allowed or disallowed. *Id.* § 1821(d)(5)(A)(i). When the creditor has been notified of the Receiver's determination, or when the 180 day period has expired, the creditor may either request administrative review or file or continue suit on the claim in the federal district court where the failed bank's principal place of business is located. *Id.* § 1821(d)(6)(A).

In this matter, Plaintiff has been notified of the mandatory administrative claim process and stay by FDIC-R. Thus, it is now incumbent upon Plaintiffs, consistent with the administrative process established by Congress, to proceed with his alleged claims via that process. Only after the exhaustion of that administrative process may Plaintiff again seek redress with this Court. *Id.*

**(B)     The FDIC's Right to Stay Pre-Receivership Litigation**

Section 1821(d)(12) provides that after the FDIC-R has been appointed receiver for a failed depository institution, it may request a stay "in any judicial action or proceeding to which such institution is or becomes a party." 12 U.S.C. § 1821(d)(12)(A). This section further

---

[2] Note that it appears that Russell Kelly's purported claims are not timely, and under 12 U.S.C. § 1821(d)(5)(C)(i)

4

provides that courts are required to grant the FDIC-R's requested stay, providing that "[u]pon receipt of a request by any conservator or receiver pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties." *Id*. § 1821(d)(12)(B).

When a suit is filed against a failed institution prior to the FDIC's appointment as receiver, as was the case here, the plaintiff is required to comply with FIRREA's administrative review process. See *Carney v. RTC*, 19 F.3d 950, 955 (5th Cir. 1994).  Pursuant to 12 U.S.C. § 1821(d)(12), the FDIC-R elects to stay this action and require the Plaintiff and any other party to this action with potential claims against the FNBC to pursue the administrative remedies provided by FIRREA, as stated in 12 U.S.C. § 1821(d)(3)-(5). The FDIC-R has separately notified the parties of its election and has mailed or will mail notices to all known claimants setting out the administrative claims process and the claims bar date as required by 12 U.S.C. § 1821(d)(3)(C).

Having timely filed the instant motion, the FDIC-R is entitled to a mandatory stay of this action for ninety (90) days. 12 U.S.C. § 1821(d)(12)(B).  However, the FDIC-R requests this Court extend the stay for a period of one hundred and eighty (180) days in order to allow the mandatory claims process to proceed to conclusion.

---

are time barred.  However, the administrative process will allow Russell Kelly the opportunity to show that some exception applies pursuant to 12 U.S.C. § 1821(d)(5)(C)(ii).

## CONCLUSION

WHEREFORE, for the reasons stated above, the FDIC-R respectfully requests that the Court enter an order staying this action for a period of 180 days commencing on the date such order is entered, or, in the alternative, for 90 days as required under 12 U.S.C. § 1821(d)(12)(B), and granting such other relief as is just and proper.

Respectfully submitted,

**AARON & GIANNA, PLC**


s/ DeWayne L. Williams
WILLIAM D. AARON, JR. (LSBA #2267)T.A.
DeWAYNE L. WILLIAMS (LSBA #27685)
ANNA RAINER (LSBA #31531)
AARON & GIANNA, PLC
201 St. Charles Ave., Suite 3800
New Orleans, LA 70170
Telephone: (504) 569-1800
Facsimile: (504) 569-1801
Email: waaron@aarongianna.com
        dwilliams@aarongianna.com
        arainer@aarongianna.com

*Attorneys for FDIC-R, as Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2019, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system. I further certify that I served a copy of the foregoing Notice of Removal on counsel for Plaintiff by depositing same in the United States Mail, postage pre-paid and properly addressed, and/or via facsimile transmission, and/or via email transmission. I further certify that a copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, where the underlying action is pending.

_/s/ DeWayne L. Williams_