UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUSSELL KELLY | CIVIL ACTION |
| VERSUS | NO. 18-11738 |
| FEDERAL DEPOSIT INSURANCE CORPORATION | SECTION "L" (2) |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Stay Action Pending Exhaustion of Administrative Remedies. R. Doc. 9. No opposition was filed. For the reasons that follow, the motion is GRANTED.

### I. BACKGROUND

On August 14, 2014, Plaintiff Russell Kelly filed a "Petition for Damages, Predatory Lending, and Racial Discrimination" against First NBC Bank in the Civil District Court for the Parish of Orleans, seeking damages for alleged torts and misrepresentations by First NBC. On September 3, 2014, the parties filed a joint motion to dismiss, and the matter was dismissed with prejudice. Later, on April 28, 2017, First NBC was declared insolvent and the FDIC was appointed as Receiver of First NBC, succeeding to all rights, titles, powers and privileges of First NBC.

Although the matter was dismissed with prejudice, Plaintiff Russell Kelly filed a "Motion to Enforce Settlement" on October 26, 2018 and an "Amended Motion to Enforce Settlement Agreement, Change of Possession of Property Restraining Order and Transfer of Deed," in which he sought a temporary restraining order against First NBC, on November 9, 2018. R. Doc. 9-7. The FDIC removed the action to this Court on November 29, 2018.

### II. PRESENT MOTION

The FDIC argues that Plaintiff must first exhaust his administrative remedies, and moves the Court to stay this action for 180 days. Alternatively, the FDIC asks the Court to stay this action for 90 days, as required by 12 U.S.C. § 1821(d)(12)(B). Plaintiff has not submitted an opposition.

### III.  LAW AND ANALYSIS

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") establishes a claim administration and review procedure for claims asserted against an institution in receivership. To allow the FDIC to "deal expeditiously with failed institutions," "the creditors of a failed institution may be required to present their claims to the Receiver for administrative consideration before pursuing a judicial remedy." *Meliezer v. Resolution Tr. Co.,* 952 F.2d 879, 881 (5th Cir. 1992).

Under FIRREA, the FDIC "must notify potential claimants of the bar date – that date after which claims against the failed institution are prohibited." *Guidry v. Resolution Tr. Corp.*, 790 F. Supp. 651, 652 (E.D. La. 1992). Claimants then have 90 days to present their claims against the institution. Once the claim is presented, the FDIC has 180 days to consider the claim and notify the claimant of its decision to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(i). The claimant may file or continue suit on the claim when it is notified of the FDIC's determination or when the 180-day administrative review period has expired. Although not stated in the text of FIRREA itself, the Fifth Circuit has held that "the language of the statute and indicated congressional intent make clear" that participation in the administrative review process is mandatory. *Id.* at 882; *see also Carney v. Resolution Tr. Corp.*, 19 F.3d 950, 955 (5th Cir. 1994) (per curiam) ("We note initially that FIRREA makes participation in the administrative claim review process mandatory, regardless of whether the claims were filed before or after the RTC was appointed receiver of the failed institution").

Additionally, FIRREA provides that, after its appointment as receiver for a failed institution, the FDIC may request a stay of 90 days "in any judicial action or proceeding to which such institution becomes a party" and, upon such request, "the court shall grant such stay as to all parties." 12 U.S.C. § 1821(d)(12)(A)-(B). Here, the FDIC is entitled to a mandatory stay of this action for 90 days. It requests, however, a stay of 180 days to allow all parties to exhaust the mandatory administrative claims process. Courts in this district have, "in the interest of judicial economy" and "[i]n order to effectuate the purpose of FIRREA," granted a 180-day stay under these circumstances. *See, e.g., Brothers Petroleum, LLC v. Wagners Chef, LLC*, 2017 WL 3730508, at *3 (E.D. La. Aug. 30, 2017) ("[T]he Court finds that this litigation should be stayed until the FDIC completes its administrative review of Brothers Petroleum's claims"); *First NBC Bank v. Levy Gardens Partners 2007, LP*, 2017 WL 4475881, at *4 (E.D. La. Oct. 5, 2017) ("In order to allow compliance with the mandatory review process under FIRREA, the Court, in its discretion, will grant a stay of this case for a period of 180 days"); *EMIII Holdings, LLC v. First NBC Bank*, 2017 WL 7370976, at *1 (E.D. La. Aug. 28, 2017) (granting a stay of 180 days "to allow compliance with the mandatory review process under FIRREA").

IV. CONCLUSION

For these reasons, **IT IS ORDERED** that the FDIC's motion to stay pending exhaustion of administrative remedies, R. Doc. 9, is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** for a period of 180 days.

New Orleans, Louisiana, this 7th day of March, 2019.

_____
UNITED STATES DISTRICT JUDGE