UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| RUSSELL KELLY | * | CIVIL ACTION |
| --- | --- | --- |
| VERSUS | * | NO. 18-11738 |
| FEDERAL DEPOSIT INSURANCE CORPORATION | * | SECTION L (2) |

## ORDER & REASONS

Before the Court is Defendant FDIC's Motion to Dismiss for Lack of Subject Matter Jurisdiction. R. Doc. 26. The Motion is unopposed in the record, but Plaintiff did record his opposition during oral argument on Wednesday, December 18, 2019. Having considered the parties' arguments and the relevant law, the Court now rules as follows.

### I.  BACKGROUND

On August 14, 2014, Plaintiff Russell Kelly filed a "Petition for Damages, Predatory Lending, and Racial Discrimination" against First NBC Bank in the Civil District Court for the Parish of Orleans, seeking damages for alleged torts and misrepresentations by First NBC. On September 3, 2014, the parties filed a joint motion to dismiss, and the matter was dismissed with prejudice. R. Doc. 9-4. Later, on April 28, 2017, First NBC was declared insolvent and FDIC-R was appointed as Receiver of First NBC, succeeding to all rights, titles, powers and privileges of First NBC.

Over a year later, Plaintiff Russell Kelly filed two Motions: (1) on October 26, 2018, he filed a "Motion to Enforce Settlement," and (2) on November 9, 2018, he filed an "Amended Motion to Enforce Settlement Agreement, Change of Possession of Property Restraining Order and Transfer of Deed," in which he sought a temporary restraining order against First NBC. R. Doc. 9-7. FDIC-R removed the action to this Court on November 29, 2018. R. Doc. 1.

1

On January 17, 2019, Kelly filed a motion for a temporary restraining order and preliminary injunction, seeking relief from eviction from a home located at 6060 Cartier Avenue. R. Doc. 5. Kelly had owned that property from 2007 until he lost it to FDIC-R through foreclosure. On December 6, 2017, Gaea Development, LLC purchased the property from FDIC-R at auction. The property was sold subject to a lease between Kelly and FDIC-R, which had expired on November 30, 2018. The Court denied Kelly's motion for a temporary restraining order and preliminary injunction during a hearing on January 22, 2019. R. Doc. 8.

On March 7, 2019, this case was stayed pending exhaustion of administrative remedies pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. R. Doc. 12. On April 17, 2019, Plaintiff Kelly filed a Motion to Lift Stay, R. Doc. 18, and Motion for Return of Plaintiff's $1,500 Damage Deposit, R. Doc. 19. Intervenor Gaea Development, LLC filed an opposition to the Motion for Return of Plaintiff's $1,500 Damage Deposit. R. Doc. 20. Because the 180-day stay period expired on September 7, 2019 and nothing new had been filed in this matter, the Court scheduled a status conference to check in with the parties. R. Doc. 21. At the September 26, 2019 telephone status conference, counsel representing FDIC-R and Gaea Development, LLC participated, but Plaintiff did not, even though Plaintiff was given timely notice of the conference. R. Doc. 23. During the status conference, the Court instructed FDIC-R to file a motion to dismiss in this matter. R. Doc. 23.

**II.    PRESENT MOTION**

Pursuant to the Court's instruction at the September 26, 2019 status conference, FDIC-R has filed a motion to dismiss the claims of Plaintiff for lack of subject matter jurisdiction. R. Doc. 26 at 1. Specifically, FDIC-R argues the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") sets forth a mandatory administrative procedure that requires all claims involving the assets of a failed depository institution (like First NBC) to be submitted to the

receiver (in this case, FDIC-R) for review and approval. R. Doc. 26 at 1 (citing 12 U.S.C. § 1821(d)(3)–(5)). Moreover, FIRREA requires that claims must be submitted on or before the claims bar date set by the FDIC-R and any claim not filed by the bar date must be disallowed by FDIC-R as untimely. R. Doc. 26 at 1 (citing 12 U.S.C. § 1821(d)(5)(C)(i)). Additionally, if FDIC-R disallows a claim, then the claimant must seek judicial relief within 60 days of the disallowance; otherwise, the "disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." R. Doc. 26 at 1–2 (quoting 12 U.S.C. § 1821(d)(6)). FDIC-R argues that because Plaintiff failed to timely submit his proofs of claim and failed to timely recommence judicial proceedings in accordance with FIRREA, he cannot seek judicial relief. R. Doc. 26 at 2. Moreover, even if Plaintiff had complied with the administrative review process, FIRREA would still divest the Court of subject matter jurisdiction over Plaintiff's claims for injunctive relief against FDIC-R and for rescission of the sale of property sold by FDIC-R as part of its receivership. R. Doc. 26 at 2 (citing 12 U.S.C. § 1821(j)). FDIC-R thus contends Plaintiff's claims must be dismissed with prejudice for lack of subject matter jurisdiction. R. Doc. 26 at 2.

Plaintiff did not timely file an opposition to this Motion. Plaintiff did appear in-court for oral argument and explained the series of events leading up to the alleged settlement he reached with First NBC. Plaintiff also contends he met with representatives of FDIC-R and submitted his claims to them in June 2017 and in subsequent meetings, but has provided no evidence to substantiate these claims. In fact, although Plaintiff states that his emails regarding these meetings with FDIC-R representatives are on the record, the Court only has a record of several emails between Plaintiff and First NBC representatives prior to First NBC being declared insolvent in April 2017. *See* R. Doc. 1-4. Moreover, even if Plaintiff did timely submit his claims to FDIC-R, he does not explain why he did not timely recommence judicial proceedings in accordance with FIRREA. Finally, even if Plaintiff did comply with the administrative review process, Plaintiff

does not explain how the Court has subject matter jurisdiction over his claims for injunctive relief against FDIC-R and for rescission of the sale of property sold by FDIC-R pursuant to 12 U.S.C. § 1821(j).

III. **LAW AND ANALYSIS**

FIRREA sets forth the rights and duties that govern the receivership of a failed depository institution. *See* 12 U.S.C. § 1821(d). Through FIRREA, Congress established a claim administration and review process by which all claims asserted against the assets of the failed institution must be submitted to FDIC-R, which has sole discretion to determine whether the claims will be allowed or disallowed. 12 U.S.C. § 1821(d)(3)–(5); *see also Meliezer v. Resolution Tr. Co.*, 952 F. 2d 879, 881 (5th Cir. 1992) ("To assure that [FDIC-R] could deal expeditiously with failed depository institutions, Congress created a new claims determination procedure by which the creditors of a failed institution may be required to first present their claims to the Receiver for administrative consideration before pursuing a judicial remedy."). "The primary purpose of FIRREA's exhaustion scheme" is to allow FDIC-R "to perform its statutory function of promptly determining claims so as to quickly and efficiently resolve claims against a failed institution without resorting to litigation." *Meliezer*, 952 F. 2d at 883 (quoting *Rosa v. Resolution Tr. Corp.*, 938 F.2d 383, 396 (3d Cir. 1991)).

Pursuant to FIRREA's administrative claims process, the receiver (in this case, FDIC-R) "promptly publishes a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall not be less than 90 days after the publication of such notices . . . ." 12 U.S.C. § 1821(d)(3)(B)(i). Notice must also be mailed to any creditor shown on the failed institution's books, but this requirement does not apply to anyone who is not so listed at the time of FDIC-R's appointment. 12 U.S.C. § 1821(d)(3)(C); *Jill Corp. v. Resolution Tr. Corp. for C. Savings & Loan Ass'n, F.A.*, Civ.A. No. 91-1566, 1991

WL 148589, at *3 (E.D. La. July 29, 1991) (holding that "§ 1821(d)(3)(C) [was] not applicable to plaintiff" because it "was not listed as a creditor on [the failed] institution's books at the time of the [receiver's] appointment"). FIRREA requires that claimants submit all of their claims against a failed institution to FDIC-R before the "bar date." *Willner v. Dimon*, 849 F. 3d 93, 103 (4th Cir. 2017). All claims filed after the deadline are generally "disallowed and such disallowance shall be final." 12 U.S.C § 1821(d)(5)(C)(i).

Once a claim is submitted, FDIC-R-R then has 180 days to determine whether to allow or disallow a claim and to notify the claimant of its decision. 12 U.S.C. § 1821(d)(5)(A)(i). The claimant may request further administrative consideration or seek judicial relief if its claim is disallowed. 12 U.S.C. § 1821(d)(6). However, as discussed below, a disallowance becomes irreversibly final if the claimant fails to seek further judicial or administrative relief within 60 days of the notice of disallowance. 12 U.S.C. § 1821(d)(6); 12 U.S.C. § 1821(d)(13)(D).

To ensure that claimants comply with its mandatory administrative review process, "Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in [FIRREA]." *Fed. Sav. And Loan Ins. Corp. v. Shelton*, 789 F. Supp. 1367, 1372 (M.D. La. 1992) (quoting *Fed. Deposit Ins. Corp. v. Shain, Schaffer & Rafanello*, 944 F. 2d 129, 132 (3d Cir. 1991)). This restriction is expressed in 12 U.S.C. § 1821(d)(13)(D), which provides in pertinent part:

> (D) Limitation on judicial review
> Except as otherwise provided in this subsection, no court shall have jurisdiction over –
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC-R] has been appointed receiver, including assets which the [FDIC-R] may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the [FDIC-R] as receiver.

12 U.S.C. § 1821(d)(13)(D).

The Fifth Circuit has determined that "§ 1821(d)(6) is the only provision of subsection (d) 'otherwise providing' for judicial determination of claims." *See Home Capital Collateral, Inc. v. F.D.I.C.*, 96 F.3d 760, 763 (5th Cir. 1996). This provision allows courts to adjudicate claims against a failed institution only if the claimant files suit, or continues a pre-existing suit, within 60 days from FDIC-R's notice of disallowance:

> (A) In general
> Before the end of the 60-day period beginning on the earlier of–
> (i) the end of the period described in paragraph (5)(A)(i) [the 180 claims determination period] with respect to any claim against a depository institution for which the FDIC-R is receiver; or
> (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i), the claimant may . . . file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).
> (B) Statute of Limitations
> If any claimant fails to–
> (i) request administrative review of any claim . . .
> (ii) file suit on such claim (or continue an action commenced before the appointment of a receiver), before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed . . . as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

12 U.S.C. § 1821(d)(6). The Fifth Circuit has held that "all claims subject to the jurisdictional bar of § 1821(d)(13)(D), including both claims against the receiver and the assets of the failed financial institution, and both pre-receivership and post-receivership claims, must comply with the [administrative review procedure] set forth in § 1821(d), including § 1821(d)(6)(A)'s time limitations for filing in district court." *Home Capital*, 96 F.3d at 763–64.

In this case, FDIC-R argues that Plaintiff failed to comply with FIRREA's requirements, which therefore deprives this Court of subject matter jurisdiction over Plaintiff's claims. R. Doc. 26-1 at 20. First, because Plaintiff did not submit his claim prior to the claims bar date, FDIC-R argues Plaintiff's claims are "disallowed and such disallowance shall be final." R. Doc. 26-1 at 11

6

(quoting 12 U.S.C. § 1821(d)(5)(C)(i)). Second, FDIC-R contends that even if the claims bar date did not apply, the Notice mailed to Plaintiff expressly required him to "submit [his] completed claim and the supporting documentation to [FDIC-R] on or before March 20, 2018," but he did not do so until April 16, 2019 and his claim was therefore not timely submitted. R. Doc. 26-1 at 11. Third, even if Plaintiff's proofs of claim were timely submitted, Plaintiff failed to file suit or re-commence any lawsuit on his claims within the 60-day time limit, which required Plaintiff to take steps to move his case forward on or before September 27, 2019. R. Doc. 26-1 at 11. FDIC-R thus asserts the disallowance of the claims are now final and Plaintiff has "no further rights or remedies with respect to [his] claim[s], and his claims should therefore be dismissed. R. Doc. 26-1 at 12 (citing 12 U.S.C. § 1821(d)(6)(B)).

Moreover, FDIC-R emphasizes the fact that FIRREA deprives district courts of subject matter jurisdiction over claims for injunctive relief against FDIC-R. R. Doc. 26-1 at 12. Therefore, FDIC-R contends, Plaintiff's request for a temporary restraining order to prevent FDIC-R from transferring the property foreclosed upon and to rescind an auction of the property cannot be decided by this Court. R. Doc. 26-1 at 12. FDIC-R asserts that under 12 U.S.C. § 1821(j) ("Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver.") and Fifth Circuit jurisprudence, this Court lacks subject matter jurisdiction over Plaintiff's claim for injunctive relief and rescission of any sale of property. R. Doc. 26-1 at 13.

As discussed above, Plaintiff appeared in-court for oral argument to oppose FDIC-R's Motion to Dismiss. Nevertheless, Plaintiff did not dispute FDIC-R's contention that the Court lacks subject matter jurisdiction over this case pursuant to 12 U.S.C. § 1821.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that FDIC-R's Motion to Dismiss for Lack of Subject Matter Jurisdiction, R. Doc. 26, is hereby **GRANTED**.

New Orleans, Louisiana, this 18th day of December, 2019.

                                            ELDON E. FALLON
                                            U.S. DISTRICT COURT JUDGE